ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 2 1 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. |
| JENNIFER C. ALSDORF | : | 1:13CR0214 |

THE GRAND JURY CHARGES THAT:

### COUNTS ONE THROUGH SEVENTY-FOUR
(Health Care Fraud)

1. Beginning in or about July 2005 and continuing through the present, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the defendant, JENNIFER C. ALSDORF, aided and abetted by others unknown to the Grand Jury, knowingly and willfully executed and attempted to execute a scheme and artifice to defraud the Georgia Medicaid program, a health care benefit program, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, the Georgia Medicaid program, in connection with the delivery of and payment for health care benefits, items, and services.

### BACKGROUND

At all times relevant to this Indictment:

2. Defendant ALSDORF was the President and Chief Executive Officer of Hand in Hand Speech & Language Services, Inc., a medical

business that offers speech-language services for children covered by the Medicaid program in the State of Georgia. Defendant ALSDORF, on behalf of Hand in Hand, contracted with independent speech-language pathologists who then performed the services for Medicaid recipients.

3. Georgia Medicaid, administered by the Georgia Department of Community Health, Division of Medical Assistance (DCH), was established to provide an array of health care services and benefits to those who, due to economic circumstances, could not otherwise afford such health care services and benefits. Georgia Medicaid is funded jointly by the State of Georgia and the United States Department of Health and Human Services, acting through the Centers for Medicare and Medicaid Services. Georgia Medicaid is a public plan or contract, affecting commerce, under which medical benefits, items, and services are provided to individuals.

4. Medical providers billed Medicaid for their services using a standard insurance claim form known as a HCFA 1500. These forms can be submitted to Medicaid either electronically or mailed in hard copy form. Among other things, the HCFA 1500 required the medical provider to identify the dates on which services were rendered, the specific services provided, identified by a Current Procedural Terminology (CPT) code, and the identity of the medical provider performing the services.

5. Georgia Medicaid reimbursed medical providers for speech-

language therapy services provided to Medicaid recipients. There are several CPT codes used to bill for such services. For example, CPT code 92506 is used for the initial evaluation of patients who may need speech-language therapy. CPT code 92507 is used for subsequent therapy visits where the provider treats the patients.

6.   After defendant ALSDORF contracted with the speech-language pathologists, she electronically submitted claims to Georgia Medicaid, via interstate wire transmissions, seeking reimbursement for their services. Georgia Medicaid, by and through its fiscal intermediaries, received and processed those claims in the Northern District of Georgia. Georgia Medicaid, acting through its fiscal intermediaries, then paid the claims, via interstate wire transmissions, by transmitting payments from the Northern District of Georgia to a Bank of America account controlled by defendant ALSDORF in the State of Florida.

SCHEME TO DEFRAUD

7.   In the contracts with the speech-language pathologists, defendant ALSDORF, on behalf of Hand in Hand, agreed to pay a set fee to the speech-language pathologists for each evaluation (CPT code 92506) and each therapy visit (CPT code 92507) rendered by the pathologists to Medicaid patients. The fees that defendant ALSDORF paid to the pathologists for those two services were less than, but based on, the amounts that Medicaid reimbursed for the services.

8.   While under contract with Hand in Hand, the speech-

language pathologists evaluated and treated many patients. After rendering services, the pathologists would send defendant ALSDORF treatment notes showing which patients they had seen, how long they had provided therapy to the patients, and which services they had provided. Defendant ALSDORF was supposed to use these notes to prepare claims for the services to submit to Medicaid.

9. Unbeknownst to the speech-language pathologists, in addition to billing Medicaid for evaluations (CPT code 92506) and therapy visits (CPT code 92507), defendant ALSDORF also regularly billed Medicaid for "sensory integration" therapy using CPT code 97533. Defendant ALSDORF did not inform the pathologists that she was billing Medicaid for this service, nor did she provide any of the money she received from Medicaid for this service to the pathologists. Defendant ALSDORF kept all of the money she received from Medicaid for sensory integration therapy.

10. In fact, contrary to the claims defendant ALSDORF submitted to Medicaid, the speech-language pathologists did not perform sensory integration therapy services for the patients they saw. Many of the pathologists did not even know what sensory integration therapy was and had never heard of such a service. They did not authorize or know that defendant ALSDORF was billing Medicaid for this service and that she was keeping the money.

11. Defendant ALSDORF also billed Medicaid for other services that the speech-language pathologists never performed. She

submitted claims to Medicaid under pathologists' names for services during times when the pathologists were not even working with Hand in Hand. Defendant ALSDORF also submitted claims to Medicaid falsely representing that pathologists had treated certain patients when, in fact, the pathologists had never seen or treated the patients at any time.

12. As a result of the scheme to defraud set forth above, defendant ALSDORF fraudulently caused the submission of over $500,000 in insurance claims for sensory integration therapy services to Georgia Medicaid.

## EXECUTION OF THE SCHEME

13. In executing the health care fraud scheme, defendant ALSDORF, aided and abetted by others unknown to the Grand Jury, submitted and caused to be submitted to the Georgia Medicaid program fraudulent insurance claims falsely representing that, on or about the dates specified below, the speech-language pathologists identified below provided sensory integration therapy services (CPT code 97533) to the patients identified below, when in fact the pathologists never provided sensory integration therapy services to the patients identified:

| COUNT | DATE | PATHOLOGIST | PATIENT |
| --- | --- | --- | --- |
| 1 | 5/31/2010 | S.D. | N.H. |
| 2 | 6/7/2010 | S.D. | N.H. |
| 3 | 6/9/2010 | S.D. | N.H. |

5

| | | | |
|---|---|---|---|
| 4 | 7/5/2010 | S.D. | N.H. |
| 5 | 7/7/2010 | S.D. | N.H. |
| 6 | 8/23/2010 | S.D. | N.H. |
| 7 | 8/25/2010 | S.D. | N.H. |
| 8 | 9/6/2010 | S.D. | N.H. |
| 9 | 9/27/2010 | S.D. | N.H. |
| 10 | 9/29/2010 | S.D. | N.H. |
| 11 | 11/5/2010 | S.D. | S.G. |
| 12 | 12/21/2011 | S.D. | M.B. |
| 13 | 3/15/2012 | S.D. | D.F. |
| 14 | 4/20/2012 | S.D. | M.M. |
| 15 | 7/2/2012 | S.D. | M.C. |
| 16 | 7/2/2012 | S.D. | C.C. |
| 17 | 7/16/2012 | S.D. | C.C. |
| 18 | 7/16/2012 | S.D. | M.C. |
| 19 | 7/23/2012 | S.D. | M.C. |
| 20 | 7/27/2012 | S.D. | M.C. |
| 21 | 1/17/2012 | H.H. | J.W. |
| 22 | 1/18/2012 | H.H. | J.W. |
| 23 | 1/23/2012 | H.H. | J.W. |
| 24 | 2/29/2012 | H.H. | J.W. |
| 25 | 4/4/2012 | H.H. | J.W. |
| 26 | 6/3/2010 | J.Z. | B.A. |
| 27 | 6/10/2010 | J.Z. | B.A. |
| 28 | 9/30/2010 | J.Z. | B.A. |
| 29 | 10/19/2010 | J.Z. | B.A. |
| 30 | 10/21/2010 | J.Z. | B.A. |
| 31 | 11/24/2009 | N.K. | A.P. |
| 32 | 11/25/2009 | N.K. | A.P. |

| | | | |
|---|---|---|---|
| 33 | 12/22/2009 | N.K. | A.P. |
| 34 | 1/29/2010 | N.K. | C.F. |
| 35 | 4/14/2010 | T.B. | E.A. |
| 36 | 4/16/2010 | T.B. | E.A. |
| 37 | 6/16/2010 | T.B. | E.A. |
| 38 | 6/18/2010 | T.B. | E.A. |
| 39 | 1/13/2012 | T.B. | W.C. |
| 40 | 10/6/2008 | C.S. | M.V. |
| 41 | 5/5/2009 | C.S. | R.S. |
| 42 | 5/6/2009 | C.S. | R.S. |
| 43 | 5/11/2009 | C.S. | M.V. |
| 44 | 5/13/2009 | C.S. | M.V. |
| 45 | 6/11/2009 | C.S. | W.T. |
| 46 | 6/12/2009 | C.S. | W.T. |
| 47 | 9/10/2009 | C.S. | P.S. |
| 48 | 11/18/2011 | C.S. | J.W. |
| 49 | 1/25/2012 | C.S. | J.E. |
| 50 | 1/4/2012 | L.J. | Z.W. |
| 51 | 1/11/2012 | L.J. | Z.W. |
| 52 | 1/17/2012 | L.J. | C.E. |
| 53 | 1/23/2012 | L.J. | C.E. |
| 54 | 1/25/2012 | L.J. | Z.W. |
| 55 | 1/19/2009 | S.W. | H.K. |
| 56 | 7/16/2009 | S.W. | Z.F. |
| 57 | 10/6/2010 | S.W. | M.A. |
| 58 | 11/1/2010 | S.W. | E.C. |
| 59 | 11/17/2010 | S.W. | C.H. |
| 60 | 12/14/2010 | S.W. | R.C. |
| 61 | 1/27/2011 | S.W. | M.A. |

| 62 | 2/22/2011 | S.W. | B.D. |
| --- | --- | --- | --- |
| 63 | 2/23/2011 | S.W. | R.D. |
| 64 | 2/23/2011 | S.W. | B.D. |
| 65 | 3/17/2011 | S.W. | R.G. |
| 66 | 3/29/2011 | S.W. | R.C. |
| 67 | 12/2/2010 | J.A. | R.D. |
| 68 | 12/2/2010 | J.A. | J.B. |
| 69 | 1/4/2011 | J.A. | S.B. |
| 70 | 5/11/2011 | J.A. | C.N. |
| 71 | 3/28/2012 | J.A. | C.T. |
| 72 | 6/5/2008 | P.R. | T.B. |
| 73 | 1/3/2011 | P.R. | R.W. |
| 74 | 5/23/2012 | P.R. | J.W. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS SEVENTY-FIVE THROUGH EIGHTY-FOUR
(Wire Fraud)

14. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 12 of this Indictment as if fully set forth herein.

15. Beginning in or about July 2005 and continuing through the present, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the defendant, JENNIFER C. ALSDORF, aided and abetted by others unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the Georgia Medicaid program and to obtain

money and property from the Georgia Medicaid program by means of materially false and fraudulent pretenses and representations, and by omission of material facts, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

16. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, defendant ALSDORF, aided and abetted by others unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses and representations, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, wire transfers of the following Medicaid reimbursement funds to a Bank of America account ending in 9190:

| COUNT | DATE | AMOUNT |
|---|---|---|
| 75 | 6/11/2010 | $10,699.20 |
| 76 | 10/16/2010 | $10,281.79 |
| 77 | 11/9/2010 | $20,653.33 |
| 78 | 11/12/2010 | $11,163.78 |
| 79 | 12/23/2010 | $18,751.31 |
| 80 | 2/4/2011 | $15,268.65 |
| 81 | 6/16/2011 | $16,257.17 |
| 82 | 1/24/2012 | $17,070.03 |

| 83 | 4/12/2012 | $17,242.42 |
| 84 | 4/23/2012 | $12,757.93 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### FORFEITURE PROVISION

17. Upon conviction for one or more of the health care fraud offenses alleged in Counts One through Seventy-Four of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

18. Upon conviction for one or more of the wire fraud offenses alleged in Counts Seventy-Five through Eighty-Four of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

19. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the

Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A    TRUE    BILL

_/s/ Steven A. Cousins_
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

_/s/ H. McClain_
STEPHEN H. McCLAIN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6288
Georgia Bar No. 143186

_/s/ H. Hibbert_
HENRY A. HIBBERT
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Georgia Medicaid Fraud Control Unit
Office of the Attorney General
200 Piedmont Avenue, S.E.
19th Floor West Tower
Atlanta, Georgia 30334
404/656-5244
Georgia Bar No. 350510