FILED IN OPEN COURT
U.S.D.C. - Atlanta
OCT 28 2013
By: JAMES N. HATTEN, Clerk
_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL CASE |
| v. | : NO. 1:13-CR-214-AT |
| | : |
| JENNIFER C. ALSDORF, | : |
| | : |
| Defendant. | : |

## FORFEITURE AGREEMENT

This agreement is entered into between Shaun Alsdorf and the United States of America, by and through Sally Quillian Yates, United States Attorney, Northern District of Georgia, and Stephen McClain, Assistant United States Attorney, Northern District of Georgia (hereinafter collectively Athe parties@). The parties to this agreement, upon advice of counsel, have voluntarily entered into this agreement in order to resolve all issues of forfeiture in connection with above-referenced action and the conduct giving rise to the underlying action, to resolve any and all claims Shaun Alsdorf may have under Rule G(5) of the Supplement Rules for Admiralty and Maritime Claims or any other legal right to contest the forfeiture of assets listed in as subject to forfeiture in Northern District of Georgia case no. 1:13-cr-214-AR (hereafter, the "Subject Property"):

a. 2013 Mercedes Benz ML350, VIN 4JGDA5JB5DA102773;

b. $11,500.00 in U.S. funds seized from American Funds account number ending in 1143, held in the name of Jennifer Alsdorf;

c. $11,500.00 in U.S. funds seized from American Funds account number ending 3095, held in the name of Shaun Alsdorf;

d. $10,464.96 in U.S. funds seized from Bank of America account number ending 9190, held in the name of Hand In Hand and Jennifer Alsdorf.

e. 19.14 Acres of land, more or less, in Montgomery County, Georgia, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, and more particularly described as:

All that tract or parcel of land situate, lying and being in the 1567th G. M. District, Montgomery County, Georgia, containing 19.14 acres, more or less, and being more particularly shown on a plat prepared by Leland H. Moss, Jr., Surveyor, from survey dated January 5, 2006 and recorded in Montgomery County Plat Book 11, Page 174, which Plat and the record thereof are by reference incorporated herein and made a part of this description. Said tract being bounded, now or formerly, as follows: North by a twenty foot (20') road from County Road No. 62, dividing this from lands of James Ellis Collins; East by lands of James Ellis Collins; South by lands of Tom Peterson, Inc.; and West by lands of Tom Peterson, Inc. and the Morris Cemetery. This being a portion of the lands conveyed to James Ellis Collins by deed dated October 11, 2005, and recorded in Montgomery County Deed Book 187, Page 400. [Tax Parcel ID No.: 037-009A];

  f. 10 Acres, more or less, in Montgomery County, Georgia, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, and more particularly described as:

All that tract or parcel of land containing 10.00 acres, more or less, and being more particularly shown on a plat prepared by Leland H. Moss, Jr., Surveyor, from survey dated February 8, 2006, and recorded in Montgomery County Plat Book 11, Page 212, which Plat and the record thereof are by reference incorporated herein and made a part of this description. Said tract being bounded, now or formerly, as follows: North by a twenty foot (20') road from County Road No. 62, dividing this from lands of James Ellis Collins; East by lands of James Ellis Collins; South by lands of Tom Peterson, Inc.; and West by lands of Shaun E. Alsdorf and Jennifer C. Alsdorf. This being a portion of the lands conveyed to James Ellis Collins by deed dated October 11, 2005 and recorded in Montgomery County Deed Book 187, Page 400.

  1. Shaun Alsdorf voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the Subject Property in case no. 1:13-CR-214-AT. Likewise, Shaun Alsdorf freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the Subject Property.

  2. Shaun Alsdorf, acknowledges full, final, and complete settlement in satisfaction of any and all claims of whatever kind, character, and description, which they may have or ever had or may hereafter have against the United States

of America, its representatives, officers, agents and employees in connection with the seizure or forfeiture of the defendant property in case 1:13-CR-214-AT.

3. Shaun Alsdorf further agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property, including providing and endorsing title certificates, or causing others to do the same where third parties hold nominal title on the Shaun Alsdorf's behalf, to a person designated by the United States.

4. In consideration of Shaun Alsdorf's agreement, the United States agrees that the net proceeds of all forfeited property shall be applied toward the restitution order against Jennifer C. Alsdorf as a result of her guilty plea.

4. The parties further agree and acknowledge that each shall be responsible for its own attorney fees and costs; that they have been afforded the opportunity to consult with competent counsel in connection with the negotiation, preparation, and execution of this agreement, that its provisions and the legal effect of them have been explained to them, and that they have entered into this agreement freely and voluntarily, without coercion, duress, or undue influence.

5. The parties to this agreement acknowledge that this document and contains the entire agreement between the parties, that no promise inducement has been made except as is set forth within this document, that no representation or agreements oral or otherwise between the parties to this agreement and not included within one of those documents shall be of any force and effect. Each party to this agreement relies upon his or her or its own judgment and similarly his, her, or its own belief and knowledge of the facts underlying this agreement and the liability, if any, which might arise from such facts. In making this agreement, no party relies on any statement or representation, oral or otherwise, made by an opposing party not found in this agreement.

6. This agreement is contingent upon Jennifer C. Alsdorf entering a guilty plea in the above styled case.

In Open Court this 28 day of October, 2013

_____
SHAUN ALSDORF

_____
STEPHEN MCCLAIN
ASSISTANT UNITED STATES ATTORNEY