UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**                        Case No.   1:13-cr-0214-AT

-vs-

**Jennifer C. Alsdorf**                             **Defendant's Attorney:**
                                                    **Brian Fenton McEvoy**

---

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 1347 | Health Care Fraud | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$100** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.       XXX-XX-7113            Date of Imposition of Sentence: February 19, 2014
Defendant's Date of Birth:      1969
Defendant's Mailing Address:    2822 Safe Harbor Drive
                                Tampa, FL 33618

Signed this the 21st day of February, 2014.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **4 MONTHS**.

The Court recommends the defendant be incarcerated at the Coleman Medium Camp in Sumterville, FL.

The Defendant shall surrender to the United States Marshal for this district no earlier than March 31, 2014, and no later than July 10, 2014.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 YEARS**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 USC § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## SPECIAL CONDITIONS

Pursuant to 42 U.S.C. § 14135a(d)(1) and 10 U.S.C. § 1565(d), which require mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

The defendant shall not own, possess or have under her control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of her person, property, residence, and/or vehicle(s) at the request of the United Stales Probation Officer.

The defendant shall pay any financial penalty imposed by this judgement that remains unpaid at the monthly rate of $150 plus 25% of monthly gross income in excess of $2,300.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment schedule.

The defendant shall perform 150 hours of community service under the guidance and supervision of the United States Probation Officer.

The defendant shall participate in the following home confinement detention program for a period of nine (9) months, to begin following her release from imprisonment, and abide by all the requirements of the program which will include electronic monitoring. The defendant shall pay all of the costs of the program. The defendant shall be restricted to her residence at all times except to perform community service hours, to engage in any employment, attend her own medical appointments, and to conduct activities essential for the care of her children (i.e., attending medical appointments, driving children to/from school in the event school bus transportation is unavailable, purchasing of food for the home, and medicine required for the children or herself). The defendant must contact her probation officer and obtain the officer's approval in the event she seeks permission to engage in any other activity outside the home or to attend school events or other supplemental activities not identified above.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## FORFEITURE

It is ordered that all of the defendant's right, title and interest in the property identified in the Consent Preliminary of Forfeiture dated October 28, 2013 (Document 32), which is hereby incorporated by reference, is forfeited.

**FINE**

The defendant shall pay to the United States a fine of $5,000. The fine shall be paid in full immediately. Any payment that is not payment in full shall be made in installment amounts.

The defendant shall make fine payments from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the fine that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $150 plus 25% of monthly gross income in excess of $2,300.

## RESTITUTION

The defendant shall make restitution in the total amount of $200,000 to the following institutions in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| AmeriGroup<br>AmeriGroup Community Care<br>P.O. Box 75548<br>Baltimore, Maryland 21275-558<br>Payable to: AmeriGroup Georgia, Inc. | $2,508 |
| Medicaid FFS<br>Department of Community Health<br>c/o Harrison Kohler<br>Two Peachtree Street, NW, 5th Floor<br>Atlanta, GA 30303 | $26,626 |
| Rachel Ware<br>Well care SIU<br>P.O. Box 31407<br>Tampa, Florida 33631-3407<br>Payable to: Wellcare Health Plans, Inc. | $130,516 |
| Peach State<br>Attn: Compliance Coordinator<br>3200 Highlands Parkway, Suite 200<br>Smyrna, Georgia 30082 | $40,350 |

The restitution shall be paid in full immediately. Any payment that is not payment in full shall be made in installment amounts. The proceeds of the forfeiture imposed by this judgment shall be credited towards payment of the restitution amount. Restitution payments are stayed for a period of eighteen (18) months from the date sentence was imposed, to allow time for the forfeited items to be sold by the Government and properly credited towards the restitution amount.

The defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $150 plus 25% of monthly gross income in excess of $2,300.

If the defendant pays the total restitution amount prior to the end of her period of supervised release, the United States Probation Officer may petition the Court for early termination of the supervised release, but only after 2 years of supervised release have been completed.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.